UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

OPERATING ENGINEERS LOCAL 139
HEALTH BENEFIT FUND,
CENTRAL PENSION FUND OF THE
INTERNATIONAL UNION OF OPERATING
ENGINEERS AND PARTICIPATING EMPLOYERS,
WISCONSIN OPERATING ENGINEERS
SKILL IMPROVEMENT AND APPRENTICESHIP FUND,
JOINT LABOR MANAGEMENT WORK
PRESERVATION FUND, TERRANCE E. MCGOWAN,
MICHAEL A. CRABTREE, and INTERNATIONAL UNION
OF OPERATING ENGINEERS LOCAL 139,

        Plaintiffs,

v.                                             Case No. 18-cv-1702-pp

FINNDRILL, INC.,

        Defendant.

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT (DKT. NO. 13)**

On October 25, 2018, the plaintiffs filed a complaint against Finndrill Inc., alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§1132, 1145, and breach of contract. Dkt. No. 1. The plaintiffs requested entry of default on December 12, 2018, dkt. no. 7, and the clerk entered default on December 13, 2018. The plaintiffs subsequently filed a motion for default judgment, dkt. no. 13, along with affidavits in support of their request for damages and attorney's fees, dkt. nos. 16-19. To date, the defendant has not appeared. The court will grant the motion.

## I. ENTRY OF DEFAULT

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. A party must first seek an entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). This means the court must assure itself that the defendant was aware of the suit and still did not respond.

The plaintiffs filed the complaint on October 25, 2018. Dkt. No. 1. On November 19, 2018, the plaintiffs filed an affidavit of service. Dkt. No. 5. The affidavit indicated that the process server served the summons and complaint on Patrick Garven on November 13, 2018.[1] Id. The defendant's answer was due within twenty-one days of that date. This means the defendant's deadline for answering or otherwise responding to the complaint was December 4, 2018.

On February 26, 2019 the plaintiffs filed a status report informing the court that their auditor had audited the defendant's books and records on February 19, 2019, and the plaintiffs received the audit results on February 21, 2019. Dkt. No. 11. On March 7, 2019 plaintiffs filed a motion for entry of judgment. Dkt. No. 13.

## II. PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

After the entry of default, a plaintiff may move for default judgment under Fed. R. Civ. P. 55(b). When the court determines that a defendant is in default, the court accepts as true the well-pleaded allegations in the complaint. e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). "A

---

[1] The web site for the Wisconsin Department of Financial Institutions indicates that Patrick D. Garven, 500 N. Spring Street, Port Washington, WI 53704-1752 is the registered agent for Finndrill, Inc.
https://www.wdfi.org/apps/CorpSearch/Search.aspx? (last checked June 24, 2019).

default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." Id. However, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." Id. (quoting In re Catt, 38 F.3d 789, 793 (7th Cir. 2004). A district court "must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Id. Rule 55(b)(2) allows the court to conduct this inquiry through hearings or referrals, if necessary, to determine the amount of damages. Such proceedings are unnecessary, however, if the "amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits. e360 Insight, 500 F.3d at 602 (quoting Dundee Cement Co. v. Howard Pipe & Concrete Prods. Inc., 722 F.2d 1319, 1323 (7th Cir. 1983)).

The complaint states a claim that defendant Finndrill, Inc. violated ERISA and the effective collective bargaining agreement by failing to pay fringe benefit contributions on behalf of its employees to the plaintiff funds. Those allegations establish liability. ERISA entitles the plaintiffs to damages consisting of unpaid contributions, interest on the unpaid contributions, liquidated damages and reasonable attorney's fees and costs of the action. 29 U.S.C. §1132(g)(2).

The motion for entry of judgment and supporting affidavits contain an accounting of the plaintiff's damages. Dkt. Nos. 13, 16, 17, 19. The plaintiffs submitted itemized attorneys' fees in the amount of $1,814, dkt. no. 16, and $421.25, dkt. no. 17. They also submitted an affidavit with numerous supporting attachments for audits covering the periods from December 1, 2015 through December 31, 2017 and January 1, 2018 through January 31, 2019.

3

Dkt. Nos. 19 through 19-8. The court **FINDS** that the defendant owes the plaintiffs: $69,533.22 for contributions, $20,034.04 for delinquent payment assessments and $6,048.97 for interest. In addition, the court **APPROVES** an award of $2,235.25 in attorneys' fees and costs. The amount of unpaid contributions, interest, liquidated damages, and attorney's fees totals $97,851.48, plus post judgment interest.

## III. CONCLUSION

The courts **GRANTS** the motion for entry of judgment. Dkt. No. 13.

The court **ORDERS** that the clerk of court shall enter judgment in favor of the plaintiffs, and against the defendant, in the amount of $97,851.48, together with interest at the rate allowed by law.

The court **ORDERS** that this case is **DISMISSED**.

Dated in Milwaukee, Wisconsin this 25th day of June, 2019.

BY THE COURT:

**HON. PAMELA PEPPER**
**United States District Judge**